```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
              CRIMINAL NO. 21-99(DSD/BRT)
```

United States of America,

        Plaintiff,

v.                                               **ORDER**

Brandon Marcel Thomas,

        Defendant.

This matter is before the court upon the objections by defendant Brandon Marcel Thomas to the June 14, 2021, report and recommendation of Magistrate Judge Becky R. Thorson (R&R) and to the magistrate judge's June 14, 2021, order (Order). The magistrate judge recommends that the court deny defendant's motion to suppress evidence, and granted in part defendant's motion for discovery. After review, and for the following reasons, the court overrules defendant's objections, affirms the Order, and adopts the R&R in its entirety.

**BACKGROUND**

This dispute arises out of the seizure of evidence against defendant based on a search warrant. The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only briefly summarize the history of the present action.

Minneapolis police officer Marcus Ottney obtained a search warrant for storage locker #1078 located at Extra Space Storage, at an address near West River Road in Minneapolis, Minnesota. In the affidavit in support of the warrant, Officer Ottney explained the following. Defendant is a convicted felon and therefore ineligible to possess firearms. A confidential reliable informant (CRI) saw a video of defendant possessing firearms; the CRI knew defendant's name, defendant's "street name," and defendant's alleged gang affiliation. Officer Ottney was familiar with defendant from previous law enforcement encounters and corroborated the CRI's knowledge. The CRI correctly identified defendant in a photograph shown by Officer Ottney.

In the video, defendant had multiple shoe boxes containing at least two handguns. According to the CRI, defendant appeared to be in a storage locker with a roll-up garage-style door and cement floors. The CRI did not know the location of the storage facility. The CRI had provided timely, accurate, and truthful information to law enforcement in the past that led to arrests and convictions.

Based on his training and experience, Officer Ottney stated that gang members like to use storage lockers to stash their weapons because it is difficult for law enforcement to track and locate. Officer Ottney conducted surveillance on defendant, and found that defendant frequented the area near a storage facility on West River Road in Minneapolis. Officer Ottney spoke to the

2

front desk worker of the facility and learned that defendant rented locker #1078. Officer Ottney observed that the storage units matched the description of the CRI and had roll-up garage-style doors and cement floors.

On March 17, 2021, the search warrant was issued and executed. On April 20, 2021, defendant was indicted on one count of being a felon in possession of firearms.

## DISCUSSION

The standard of review for an objection to an order on a nondispositive matter is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d. 1005, 1007 (D. Minn. 1999). The court will affirm a magistrate judge's order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). For dispositive matters, the court reviews de novo any "proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Defendant makes three objections.

First, defendant objects to the Order insofar as it grants his motion for discovery only in part. Defendant argues that the government must disclose the identity of all relevant witnesses. The government has since done so. As such, court overrules defendant's objection as moot.

Second, defendant objects to the R&R's determination that the affidavit in support of the search warrant showed a sufficient nexus between the searched storage facility and the firearms recovered to establish probable cause. Probable cause exists if "given all the circumstances set forth in the affidavit before [the issuing magistrate] ... there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

Defendant argues that the magistrate judge erred in inferring that the video was recorded shortly before the CI spoke to Officer Ottney. Defendant argues that the video could well have been recorded more than 72 hours from when the CRI reported and that the evidence is stale and unreliable. The court disagrees. "Reasonable inferences may be drawn from the totality of circumstances in determining whether probable cause to issue a warrant exists." United States v. Jones, No. 10-cr-336, 2011 WL 1837861, at *4 (D. Minn. Mar. 31, 2011) (citation omitted). "There is no bright-line test for determining when information is stale." United States v. Formaro, 152 F.3d 768, 771 (8th Cir. 1998) (citation and brackets omitted). The magistrate judge made a reasonable inference, based on the totality of circumstances provided in the supporting affidavit, that the video was made within 72 hours of when the CRI reported his observation. Additionally, the CRI's past timely, accurate, and truthful

4

reporting to law enforcement further supports the magistrate judge's inference. The court finds the magistrate judge's inference to be reasonable under these circumstances.

Defendant next argues that the CRI failed to provide specific enough information about the storage facility to show a nexus with the specific place to be searched. But, as the magistrate judge notes, defendant misses the point. Based on the CRI's floor and garage description and information, the officer conducted further investigation to find that: (1) defendant frequented an area near a specific storage facility; (2) the storage facility matched the CRI's description; and (3) the storage facility confirmed that defendant had a storage locker there. The officer's independent investigation corroborated the CRI's information. It was not necessary for the officer to observe defendant enter the storage locker. See United States v. McCabe, No. 20-cr-106, 2021 WL 1321372, at *9 (D. Minn. Jan. 29, 2021) ("[I]t was a reasonable inference that the unit was where [defendants] were coming and going from since [defendant] rented that unit ...."). Based on the totality of the circumstances, there was a fair probability that contraband or evidence of the crime would be found at the identified storage locker. As a result, the court overrules defendant's second objection.

5

Third, defendant objects to the R&R's determination that the good faith exception applies even if the affidavit lacked probable cause. "Under the good-faith exception, evidence seized pursuant to a search warrant that lacked probable cause is admissible if the executing officer's good-faith reliance on the warrant is objectively reasonable." United States v. Perry, 531 F.3d 662, 665 (8th Cir. 2008) (citation omitted). The court must evaluate "whether a reasonably well trained officer would have known that the search was illegal" and must look at "the totality of the circumstances." United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007) (quotations omitted).

Defendant argues that the Minneapolis Police Department's reliance on the warrant was objectively unreasonable. The court disagrees. Defendants point to no specific facts, circumstances, or evidence that the Minneapolis Police Department's reliance on the warrant was not in good faith. The court agrees with the magistrate judge that there is no evidence the Minneapolis Police Department's reliance was unreasonable or not in good faith. The court overrules defendant's objection.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED**, that:

1. The Order [ECF No. 34] is affirmed;

2. The R&R [ECF No. 35] is adopted in its entirety; and

3. Defendant's motion to suppress [ECF No. 28] is denied.


Dated: August 5, 2021

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court